IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PORTIA C. HALL,

    Plaintiff,

v.

                          Civil Action No. 16-447-RGA

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## MEMORANDUM ORDER

Plaintiff appeals the decision of Defendant, Nancy A. Berryhill, the Acting Commissioner (the "Commissioner") of the Social Security Administration, which denied Plaintiff's application for Social Security disability insurance benefits ("DIB") or Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. 42 U.S.C. §§ 401-34, 1381-1383f. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g), which grants original jurisdiction to the District Courts to review a final decision of the Commissioner.

Presently pending before the Court are cross-motions for summary judgment filed by Plaintiff and the Commissioner. (D.I. 13, D.I. 15).

The motions were referred to the United States Magistrate Judge (D.I. 18), who issued a Report and Recommendation recommending that Plaintiff's motion be denied, and the Commissioner's motion be granted. (D.I.19). Plaintiff filed objections (D.I. 20) to which the

1

Commissioner has responded. (D.I. 21). I review the objections to the Report and Recommendation *de novo*. *See Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Plaintiff has requested that the Court reverse the decision of the Commissioner and find her disabled, or in the alternative, remand this matter for further administrative proceedings. (D.I. 20 at 3). The challenge here is a narrow one. It concerns whether the ALJ misapplied agency guidelines. For the reasons set forth below, the Court denies Plaintiff's request.

## I. LEGAL STANDARD

### a. Procedural History

Plaintiff filed an application for DIB and SSI on October 22, 2009. (D.I. 8-2 at 56). Her claims were denied initially on February 9, 2010, and denied again on reconsideration on July 1, 2010. (D.I. 8-3 at 103). Plaintiff then requested a hearing before the Administrative Law Judge ("ALJ"), which occurred on July 20, 2011. (*Id.* at 99-115). The ALJ denied Plaintiff's claim. (*Id.*). Plaintiff requested review of the ALJ's decision by the Appeals Council, which resulted in the remand of Plaintiff's case back to the ALJ. (D.I. 8-3 at 116-121).

The ALJ held the second hearing on January 30, 2014. (D.I. 8-2 at 27-52). Upon a second unfavorable decision, Plaintiff requested that the Appeals Council review the ALJ's decision, but her request was denied. (*Id.* at 4-8). Plaintiff now seeks judicial review of the ALJ's decision.

### b. Plaintiff's Medical History

At the time of the ALJ's decision, Plaintiff was fifty-three years old. (D.I. 8-2 at 11). She has a high school education and past relevant work experience as a cafeteria worker, retail cashier, factory worker, and newspaper inserter. (*Id.*).

The record and the Report and Recommendation each contain Plaintiff's detailed medical history. (D.I. 19 at 2-14). Because it is not directly relevant to Plaintiff's objections, it need not be included in this order.

### c. ALJ Decision

On April 16, 2014, the ALJ issued an unfavorable decision. (D.I. 8-2 at 9). In the decision, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) "except standing and/or walking for 2 hours out of an 8-hour workday; no more than occasional postural activities such as stopping, crouching, and crawling, except no climbing of ladders, ropes, or scaffolds." The ALJ cautioned Plaintiff to "avoid concentrated exposure to odors, fumes, dusts, gases, poor ventilation, vibration, and hazards, such as heights and moving machinery;" and found that "handling, fingering, [and] feeling [should be] limited to frequent as opposed to constant." (*Id.* at 15).

Accordingly, the ALJ concluded that there were jobs existing in significant numbers in the national economy that the claimant could perform, and that Plaintiff was not disabled within the meaning of the Social Security Act. (D.I. 8-2 at 20-21).

## II. LEGAL STANDARD

### a. Standard of Review

As noted, I undertake *de novo* review of the recommendations to which the objections were made. This review requires the Court to re-examine all the relevant evidence in deciding whether to uphold or reverse the Commissioner's decision. The Court must uphold the Commissioner's factual determinations if they are supported by "substantial evidence." *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986).

3

"Substantial evidence" means less than a preponderance of the evidence but more than a mere scintilla of evidence. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (2d Cir. 2005). As the United States Supreme Court has noted, substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In determining whether substantial evidence supports the Commissioner's findings, the Court may not undertake a *de novo* review of the Commissioner's decision and may not re-weigh the evidence of record. *See Monsour*, 806 F.2d at 1190. The Court's review is limited to the evidence that was actually presented to the ALJ. *See Matthews v. Apfel*, 239 F.3d 589, 593-95 (3d Cir. 2011). "Credibility determinations are the province of the ALJ and only should be disturbed on review if not supported by substantial evidence." *Pysher v. Apfel*, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2011).

The Third Circuit has explained that a:

> single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g. evidence offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.

*Kent v. Schweiker*, 710 F.2d 110, 143 (3d Cir. 1983). Even if the reviewing Court would have decided the case differently, it must give deference to the ALJ and affirm the Commissioner's decision if it is supported by substantial evidence. *See Monsour*, 806 F.2d at 1190-91.

**b. Analysis**

Plaintiff's objections contain only one argument: that the testimony of the vocational expert conflicts with Social Security Administration ("SSA") policy and therefore cannot be relied upon to conclude that Plaintiff's limitations equate to light work. To the extent that Plaintiff's objections use incorporation by reference to renew other arguments, that effort is insufficient.[1] *See* Fed. R. Civ. P. 72(b)(3) (requiring "specific written objections").

As stated, Plaintiff argues that the ALJ incorrectly found her capable of light work. (D.I. 20 at 1). Plaintiff asserts that the limitations the ALJ placed on her ability to perform light work actually resemble sedentary work. (*Id.*). As a result, Plaintiff says, the ALJ erred by failing to find her disabled following rule SSR 83-12. 1983 WL 31251, at *5-6.

An RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A "regular and continuing basis" means eight hours a day, for five days a week, or an equivalent schedule. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Under SSA policy, light work requires the ability to occasionally lift twenty pounds and frequently lift ten pounds. SSR 83-10, 1983 WL 31251, at *5. Light work encompasses two categories of standing and walking requirements. *Id.* The first category requires "standing or walking, off or on, for a total of approximately 6 hours of an 8-hour workday." *Id.* at *6. The second category "involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which requires greater exertion than sedentary work . . . ." *Id* at *5. Sedentary work requires walking and standing "occasionally," defined as "occurring from very little up to one-third of the time," and "lifting no more than 10

---

[1] Nonetheless, I have reviewed the Magistrate Judge's determination that the ALJ had substantial evidence to accord less weight to the opinion of Plaintiff's treating physician (D.I. 19 at 26-29), who did not treat her for the conditions that form the basis for her disability claim. I agree with what the Magistrate Judge said.

5

pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." *Id.* at *5.

SSA policy provides guidance for applying the Guidelines when a claimant's RFC falls between two exertional levels. *See* SSR 83-12, 1983 WL 31253, at *1 (Jan. 1, 1983). Specifically, in situations where the claimant's ability is somewhere in the middle of two levels, SSA policy advises using a vocational expert. *See* SSR 83-12, 1983 WL 31253, at *3.

Here, Plaintiff's RFC places her between the exertional levels of sedentary and light work because she does not meet the walking/standing requirement for light work but can perform beyond the sedentary work category.

Although Plaintiff agrees that the ALJ correctly followed SSR 83-14 by consulting a vocational expert, Plaintiff asserts that "the [vocational expert's] testimony that Ms. Hall could perform light work jobs despite being precluded from standing/walking more than two hours per day" facially conflicts with the SSA definition of light work. (D.I. 20 at 2).

Plaintiff's argument ignores that the definition of light work includes a standing and walking requirement of "sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls." The Report and Recommendation did not, as Plaintiff suggests, improperly "conflate" this definition with the VE testimony that "there are seated light jobs that handle items either at a greater pace or over a certain amount of weight." (*Id.*). Rather, the definition and the testimony are consistent. The ALJ properly determined that the Plaintiff could lift the weight associated with light work, namely, twenty pounds occasionally and ten pounds frequently; determined that Plaintiff's RFC fell between the exertional levels of sedentary and light work; procured the testimony of a vocational expert to advise which light work jobs would be compatible with the specific lifting, standing, and other limitations assessed; and relied on the

6

vocational expert's testimony that the Plaintiff could perform light work in the form of jobs requiring sitting most of the time while handling items at an increased pace or over 10 pounds. The ALJ then properly took this testimony and explained how some light work could be performed while seated most of the time. (D.I. 21 at 5; Tr. 20).

Plaintiff argues that this case is akin to *Ford v. Colvin*, 2015 WL 4608136, at *3 (D. Del. July 31, 2015), where the plaintiff had a two hour walking/standing limitation, and I found no substantial evidence to conclude that Plaintiff's limitations equated to light, rather than sedentary, work. That case is distinguishable. There, I determined that the ALJ's having limited the plaintiff to walking/standing for only two hours a day conflicted with the plaintiff's capability of being able to frequently lift at a light level. Indeed, this Plaintiff has the same walking/standing limitation. But there, the Plaintiff was also limited in pushing/pulling with his lower extremities, making it unlikely that the Plaintiff could meet any definition of light work—the first, having the standing and walking requirement of approximately six hours a day, or the second, involving sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls. Here, Plaintiff has no such limitation in pushing/pulling with her lower extremities.

Furthermore, in *Ford*, the ALJ "offered no explanation as to why Plaintiff [could not] do either of the two things at the heart of light work and still be classified as being capable of performing it." 2015 WL 4608136, at *8. Here, on the other hand, the ALJ explained that light work could be performed while seated most of the time. Indeed, other courts have held that plaintiffs with two hour walking/standing limitations can be capable of performing light work, given proper vocational expert testimony identifying suitable light work jobs. *See Young v. Astrue*, 519 F. App'x 769, 771 (3d Cir. 2013) (concluding that where a claimant is limited to no

7

more than 2 hours of standing, that claimant might still have the capacity to perform a limited range of light work); *see also Kirschner-Otte v. Colvin*, No. 16-1601 (E.D. Pa. Oct. 5, 2016) (holding that a claimant was capable of light work in spite of having a two hour walking/standing limit when a vocational expert identified suitable light work jobs that did not require standing/walking in excess of two hours).

### III. CONCLUSION

For the reasons discussed above, the Report and Recommendation (D.I. 19) is **ADOPTED**. Plaintiff's motion for summary judgment (D.I. 13) is **DENIED**; Defendant's motion for summary judgment (D.I. 15) is **GRANTED**.

Entered this day of September 2017.

Richard G. Andrews
United States District Judge